IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| *In re:* : | |
| : | |
| Victor M. Negron, Jr. : | CASE NO. 17-10063-KHK |
| : | CHAPTER 13 |
| Debtor(s) : | |
| : | |

**OPPOSITION TO MOTION TO DISMISS**

COMES NOW, Victor M. Negron, Jr., by counsel, and opposes the Chapter 13 Trustee's Motion to Dismiss, and in support thereof states as follows:

1. Debtor's wife Marian Negron is currently in her own Chapter 13 (Case No. 15-13229-BFK). That case and plan covers mortgage arrears of $33,518.46. As Ms. Negron is not working, Debtor has been making the plan payments on her behalf. Plan payments are now current. The Trustee's interim report dated March 30, 2017 is attached as Exhibit 1.

2. Debtor's Chapter 13 case is designed to pay the post-petition mortgage arrears. Those arrears total $32,324.50 according to the proof of claim filed by Wells Fargo {$62,061.81 total arrears less ($33,518.46 reduced by Wells Fargo receipt of $3,781.15 in Plan payments)}(The Chapter 13 Trustee records payments to Wells Fargo of $4,676.11; for purposes of argument the numbers from the proof of claim are adopted).

3. Wells Fargo, the mortgage lender and principal creditor, has not objected to Debtor's Chapter 13 Plan.

4. Debtor has filed in good faith. Debtor acknowledges he should have been more responsible in ensuring that the mortgage was being paid after his wife filed her

Chapter 13 petition. Debtor has been working two jobs and requesting overtime as available. Debtor lives in Stafford and works in the District of Columbia, so his average daily commute is two hours round trip. Debtor was therefore relying on his wife, a former bookkeeper, to control the household finances. Unfortunately, his wife's medical issues have interfered with her ability to perform those functions, and have taken a toll on their marriage. Debtor has since taken a more active role, and is willing to do anything to save the family home. Debtor and his wife have three children (ages 6, 10, and 20). Losing the family home would cause severe disruption to their schooling and lives.

5. "Good faith" is not explicitly defined in the Bankruptcy Code. "'A comprehensive definition of good faith is not practical. Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter] in the proposal or plan.'" *Deans v. O'Donnell*, 692 F.2d 968, 972 (1982) quoting 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978). Deans further discussed the purpose of Chapter 13, which "'is to enable an individual, under court supervision, and protection, to develop and perform under a plan for the repayment of his debts over an extended period.'" Deans, 692 F.2d at 971, quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 118 (1977), *reprinted in* [1978] U.S.Code Cong. & Ad.News 5963, 6079. While *Deans* was discussing an earlier version of the Code, the basic premise remains valid.

6. Debtor is proposing a 100% plan. Debtor further proposes that the current mortgage payments be made through the Chapter 13 Plan, at a significant increase in the Trustee's fee, so as to avoid a reoccurrence of the issue that plagued his wife's case.

2

Debtor has also discontinued his voluntary contributions to his retirement plan so as to increase the funds available to pay his creditors. Debtor has had the same primary employer for over 15 years, so his expected continued employment and ability to fund the proposed plan to completion is good.

7. The sequential individual filings of Debtor and his wife are not explicitly prohibited by the Code. The Code does permit serial filings in some instances. See *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (holding Code does not prohibit serial "Chapter 20" filings).

8. Debtor acknowledges errors in Schedule J and requests leave to file an amended plan. The current proposed plan, however, is feasible and is not underfunded. The Trustee's calculations ignore payments made to the mortgage lender through Debtor's wife's plan (Case No. 15-13229-BFK). The total of the proposed payments under that plan cover the difference.

WHEREFORE these premises considered, Debtor requests that this Court deny the Trustee's Motion to Dismiss, and grant Debtor leave to file an amended plan.

                        Respectfully submitted,

                        Victor M. Negron, Jr.
                        By counsel

__/s/ Eric David Kessel_____
Eric David Kessel, VSB # 42908
Robert A. Ades & Associates, PC
5419-B Backlick Road
Springfield, Virginia 22151
T: 703-642-9500 F: 703-750-0963

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 30th day of March, 2017, I served via ECF to authorized users or mailed a true copy of the foregoing Opposition to Motion to Dismiss to the following:

Thomas P. Gorman, Esq.
Chapter 13 Trustee
300 N. Washington St., Suite 400
Alexandria, VA 22314

    __/s/ Eric David Kessel_____
    Eric David Kessel