BWW#: VA-191635

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE:<br>VICTOR M. NEGRON, JR.<br>    Debtor | Case No. 17-10063-KHK<br><br>Chapter 13 |

WELLS FARGO BANK, N.A.
    Movant

v.

VICTOR M. NEGRON, JR.
    Debtor/Respondent
and
MARIAN O. NEGRON
    Co-Debtor/Co-Respondent
and
THOMAS P. GORMAN
    Trustee/Respondent

---

### **CONSENT ORDER MODIFYING AUTOMATIC STAY AND CO-DEBTOR STAY**

    This matter was before the court on August 15, 2017 on the motion of Wells Fargo Bank, N.A. (the "Movant") for relief from the automatic stay with respect to the real property located at 15 Whitestone Drive, Stafford, VA 22556 (the "Property) and more particularly described as follows:

ALL THAT CERTAIN PROPERTY SITUATED IN THE COUNTY OF STAFFORD, AND STATE OF VIRGINIA, AND BEING DESCRIBED IN A DEED DATED MARCH 29, 1996 AND RECORDED APRIL 4, 1996, AS INSTRUMENT NO. LR960004384, AMONG THE LAND RECORDS OF STAFFORD COUNTY, VIRGINIA, AND REFERENCED AS FOLLOWS: THE FOLLOWING DESCRIBED PROPERTY: ALL THAT CERTAIN LOT OR PARCEL OF LAND, AND ALL RIGHTS AND PRIVILEGES THERETO APPURTENANT, SITUATE, LYING AND BEING IN ROCK HILL MAGISTERIAL DISTRICT, STAFFORD COUNTY, VIRGINIA, AND DESIGNATED AS LOT 8, PHASE ONE (1), BRENTWOOD ESTATES SUBDIVISION, AS SHOWN ON PLAT OF SURVEY PREPARED BY RINKER-DETWILER AND ASSOCIATES, P.C., DATED JANUARY 27, 1995, REVISED MARCH 2, 1995, WHICH PLAT IS RECORDED IN THE CLERK`S OFFICE OF THE CIRCUIT COURT OF STAFFORD COUNTY, VIRGINIA, IN PLAT BOOK 27 AT PAGES 206-211.

Upon consideration of which, it is

    **ORDERED:**

1. The Debtor will resume making regular monthly installment payments in the amount of $2,160.50 (subject to adjustment due to interest rate changes or escrow changes) as they become due

---

Lauren French, VSB# 85478
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (Phone)
*Counsel for the Movant*

commencing on October 1, 2017. Late payments will include applicable late charges in the amount of $0.00 (subject to change due to adjustments of the monthly principal and interest payment).

2. The Debtor will cure the post-petition arrearage currently due to the Movant through September 1, 2017 in the total amount of $8,559.02, which includes 4 post-petition monthly payments due from May 1, 2017 through August 1, 2017 in the amount of $2,128.44 each, 1 post-petition monthly payment due from September 1, 2017 in the amount of $2,160.50, and credit for funds currently in suspense in the amount of $2,115.24, by filing an Amended/Modified Chapter 13 Plan (the "Amended Plan"), which Amended Plan shall provide for the payment of the post-petition arrearage set forth herein to the Movant over the life of the Debtor's bankruptcy. The Debtor shall file the Amended Plan within 21 days of the entry of this order. After the Amended Plan is filed, the Movant shall shall amend its filed Proof of Claim, or file a supplemental Proof of Claim, for the post-petition arrearages set forth above, within 60 days from the entry of this Order.

3. In the event that any payment set forth in this order is not received by the Movant within 15 days after it is due, or if the Debtor does not file the Amended Plan within 21 days of the entry of this order, the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the Trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

   a. That the Debtor is in default in making at least one payment required under this order or in timely filing the Amended Plan;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the Debtor or Trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
      i. cure the default;
      ii. file an objection with the court stating that no default exists; or
      iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
   e. That if the Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the Debtor; and
   f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Debtor nor the Trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or Trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor's counsel and the Trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $0.00 for issuance of a notice of default, and an additional $0.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

8. Relief is granted as to Marian O. Negron, the Co-Debtor, from the automatic stay imposed by 1301(a) to the same extent and on the same terms and conditions as granted as to the debtor.

Alexandria, Virginia

Date: Oct 13 2017

/s/ Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: 10/16/2017

**WE ASK FOR THIS:**

*/s/ Lauren French*
Lauren French, VSB# 85478
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
*Counsel for the Movant*

**SEEN AND AGREED:**

_/s/ Eric David Kessel_
Eric David Kessel
5419 Backlick Road, Suites A & B
Springfield, VA 22151
*Counsel for the Debtor*

**SEEN, WITH RESERVATION OF RIGHT TO OBJECT TO THE AMENDED PLAN:**

_/s/ Thomas P. Gorman_
Thomas P. Gorman, Trustee
300 N. Washington St Ste 400
Alexandria, VA 22314
*Chapter 13 Trustee*

## **CERTIFICATION**

The undersigned certifies that:

1. The foregoing Consent Order Modifying Automatic Stay and Co-Debtor Stay is identical to the form order required by Standing Order No. 10-2 and that no modification, addition, or deletion has been made WITH THE EXCEPTION OF THE FOLLOWING:

   a. Paragraph 2 of the order has been modified to include a detailed accounting of the post-petition arrearage owed to the Movant; and

   b. Paragraph 3 of the order has been modified to include a default provision in the event the Debtor fails to timely file the Amended Plan, in accordance with the requirements set forth in Paragraph 2 herein; and

2. The foregoing Consent Order Modifying Automatic Stay and Co-Debtor Stay has been endorsed by or on behalf of all necessary parties and counsel herein pursuant to Local Rule 9022-1.

                                                               _/s/ Lauren French_
                                                               Lauren French
                                                               Counsel for the Movant

cc:

BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229

Thomas P. Gorman, Trustee
300 N. Washington St Ste 400
Alexandria, VA 22314
Eric David Kessel, Esq.

5419 Backlick Road, Suites A & B
Springfield, VA 22151

Marian O. Negron
15 Whitestone Drive
Stafford, VA 22556

Victor M. Negron, Jr.
15 Whitestone Drive
Stafford, VA 22556